**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 03-0161

CHARLES MITCHELL,

    Defendant.

                                                     /

**ORDER GOVERNING SENTENCING**

Before the court is an impending sentencing in which an argument has been raised that certain facts cannot properly be found or considered by the court in rendering a sentence. The argument is based on the state of sentencing law in the wake of the Supreme Court's 2005 resolution of questions related to the United States Sentencing Guidelines.

On January 12, 2005, the United States Supreme Court issued its decision in *United States v. Booker*, 125 S.Ct. 738 (2005), in which it held that a portion of the United States Sentencing Guidelines (the "Sentencing Guidelines") were unconstitutional. Since that time, uncertainty has existed as to the impact of *Booker* on the method by which defendants' sentences are calculated and, specifically, the propriety of sentencing enhancements based on judge-found facts.

This opinion is issued in order to resolve the pending argument and to instruct the parties on this court's approach on sentencing (including re-sentencing) post-*Booker.*

## I. BACKGROUND

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The Supreme Court applied this rule to state sentencing guidelines in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004). The *Blakely* Court specified that the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 2537 (emphasis in original). The Court found that the defendant's enhanced sentence issued under the State of Washington's sentencing procedures violated the Sixth Amendment based on the rule in *Apprendi*. *See id.* at 2538-39.

The United States Supreme Court has held that the rule set forth in *Blakely* applies to the United States Sentencing Guidelines. *United States v. Booker*, 125 S.Ct. 738 (2005). More specifically, the *Booker* Court applied the principles in *Blakely* to hold that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 755-56. To remedy this constitutional violation, the Court severed two sections of the Sentencing Reform Act (the "SRA"), making the Sentencing

Guidelines effectively advisory. *See id.* at 756-67 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

## II.  DISCUSSION

Relying on *Apprendi*, *Blakely*, and *Booker*, defendants have argued that to apply any sentencing enhancements based on judge-found facts violates the Due Process Clause of the Fifth Amendment and the Sixth Amendment. Where juries have not expressly found such facts, (or defendants have not expressly admitted the same), the argument is that the court should not rely on them in imposing sentences. At least one United States District Court appears to have agreed with this line of reasoning, holding that "the court will not rely on facts proved to a mere preponderance of evidence in order to increase a defendant's sentence to any significant degree." *United States v. Huerta-Rodriguez*, 355 F. Supp. 2d 1019, 1029 (D. Neb. 2005). This court disagrees with the approach expressed in *Huerth-Rodriguez* and declines to adopt it.

In *Huerta-Rodriguez*, the court acknowledged that "the limits of due process are defined with reference to the line that separates an element of a crime from a sentencing factor," *id.* at 1028 (citations omitted), but nonetheless concluded that "[t]hat line remains blurred after *Booker*," *id*. Thus, when determining what burden of proof to require for sentencing enhancements, the court decided to "err on the side of caution" and require that "facts that enhance a sentence [be] properly pled in an indictment or information, and either admitted, or submitted to a jury . . . for determination by proof beyond a reasonable doubt." *Id.* at 1028, 1029. In so holding, however, the court expressly stated that the Supreme Court's opinion in *Booker* does not require this

3

procedure.  *See id.* at 1029 ("[A]lthough *Booker's* Sixth Amendment holding may not require this procedure, it is not precluded.").

The court believes that the proper approach is to first consider the correctly-calculated Guideline range, commonly as it is recommended by the probation officer. The court must, however, fully take into account and resolve any objections and make whatever factual findings may be needed (by a preponderance of the evidence) upon which to base sentencing enhancements or diminutions as provided for in the Guidelines. The court should then decide whether there is any basis on which to depart either upward or downward within the Guidelines regime.  If there is, such should be duly announced and supported.  The court should then evaluate the factors set forth in 18 U.S.C. § 3553(a)(1)-(7) and consider further possible reasons to vary from the Guideline range correctly established or amended by departure, attempting to avoid "double-counting" of factors already taken into account.  The goal, through all of this, is to arrive at a reasonable sentence.

This approach, fundamentally, was the one utilized by the court in *United States v. Coleman*, 370 F. Supp. 2d 661 (S.D. Ohio 2005).  In *Coleman,* the court declared that in its post-*Booker* sentencings it would begin "by considering the applicable Guideline range as recommended by the probation officer's report."  *Id.* at 667.  The court stated that next, it would consider the parties' objections and make any necessary factual findings for sentencing enhancements under the preponderance of the evidence standard*.  Id.*  After determining what enhancements apply, the court would then evaluate the rest of the factors set forth in 18 U.S.C. § 3553(a)(1)-(7).  *Id.*

This approach best encapsulates the holding of *Booker*. Under the contrary view, a sentencing court would without discretion to find any facts which would enhance the sentence. The court rejects this argument as inconsistent with the holding in *Booker* and its progeny. Indeed, the *Booker* Court itself recognized that the Supreme Court has "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." *Booker*, 125 S.Ct. at 750 (citing *Apprendi,* 530 U.S. at 481; *Williams v. New York,* 337 U.S. 241, 246 (1949)).

In *Booker*, the Court found that it was the mandatory nature of the Sentencing Guidelines which made them incompatible with the Sixth Amendment. *See Booker,* 125 S.Ct. at 764 ("Without this provision--namely the provision that makes 'the relevant sentencing rules . . . mandatory and impose[s] binding requirements on all sentencing judges'--the statute falls outside the scope of *Apprendi's* requirement"); *see also id.* at 750 ("[E]veryone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the SRA the provisions that make the Guidelines binding on district judges."). This is why the Court chose to remedy the constitutional violation by rendering the Guidelines *advisory* rather than *mandatory*. Thus, district courts may still consider the same evidence, and make the appropriate findings, under the applicable Sentencing Guidelines; once the applicable range is determined, however, the court must determine in its discretion whether this range is appropriate, after considering all the other factors in § 3553(a). *United States v. Oliver*, 397 F.3d 369, 380 n.3, 382 n.5 (6th Cir. 2005); *see also United States v. Jamieson*, 427 F.3d 394, 417 (6th Cir. 2005) ("As the *Booker* [C]ourt explained however, the district court must take the recommended guidelines into account when re-

sentencing [the defendant]."); *United States v. McDaniel*, 398 F.3d 540 (6th Cir. 2005) ("Although the *Booker* Court severed and rendered inapplicable 18 U.S.C. § 3553(b)(1) and 3742(e), which made adherence to the Guidelines mandatory, the *Booker* Court also explained that sentencing courts should continue to consider the recommended Guidelines sentence.").

This court will continue to make findings of fact which may result in sentencing enhancements. The court will utilize a "preponderance of the evidence" standard to make the relevant findings of fact. *See United States v. Yagar*, 404 F.3d 967, 972 (6th Cir. 2005) ("[A] finding under the Guidelines must be based on reliable information and a preponderance of the evidence."); *see also Coleman*, 370 F. Supp. 2d at 667-68 ("[M]ost courts agree that judicial fact-finding [post-*Booker*] may be made by a preponderance of the evidence so long as the court is operating in an advisory regime.") (citing *Cirilo-Munoz v. United States,* 404 F.3d 527, 532-33 (1st Cir. 2005); *Guzman v. United States,* 404 F.3d 139, 143 (2d Cir. 2005); *United States v. Mares,* 402 F.3d 511, 519 (5th Cir. 2005); *Yagar,* 404 F.3d at 972; *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir. 2005)).

After determining the appropriate guideline range and applicable sentencing enhancements, the court will evaluate the factors set forth in 18 U.S.C. § 3553(a)(1)-(7). After considering these factors, and any further evidence that the parties may choose to submit, the court will determine the appropriate sentence which is "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), and reasonable under the particular facts of the case.

### III.  CONCLUSION

The court will begin the sentencing analysis by determining the appropriate range under the Sentencing Guidelines. In making this determination, the court will consider the presentence investigation report, along with any additional evidence submitted by the parties, and rule on any objections of substance made by either party. During this process, the court will continue to make findings of fact which may result in sentencing enhancements or diminutions, and will utilize a "preponderance of the evidence" standard to make the relevant findings of fact. After calculating the appropriate guideline range, the court will also consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7) to determine the appropriate sentence which is sufficient, but not greater than necessary, and reasonable under the particular facts of the case.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 16, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 16, 2005, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522